IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BENTON, <br><br> Plaintiff, <br><br> v. <br><br> ORTHO-CLINICAL DIAGNOSTICS, INC., <br><br> Defendant. | Case No. 21-cv-03922 <br><br> Honorable Judge Matthew F. Kennelly <br><br> Magistrate Judge M. David Weisman |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Ortho-Clinical Diagnostics, Inc. ("Ortho Clinical") submits this Memorandum in Support of its Motion to Dismiss Plaintiff Kimberly Benton's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's age discrimination claim cannot survive dismissal where she has failed to allege three of the four elements of a *prima facie* failure to hire claim and where her speculative conclusion that a potential job offer was put on hold because of her age is not supported by any age-related comments or similar allegations that would plausibly support an age discrimination claim.

**I.    FACTUAL BACKGROUND[1]**

Plaintiff sued Ortho Clinical under the Illinois Human Rights Act ("IHRA") (775 ILCS 5/1 *et seq.* (West 2020)), alleging that Ortho Clinical did not hire her as a Regional Health Systems Executive ("Regional HSE") because of her age. Plaintiff filed her Complaint in the Circuit Court of Cook County, and Ortho Clinical timely removed the case to this Court. [Dkt. 1].

Plaintiff claims that in late 2020, she applied for a position with Ortho Clinical as a

---

[1] The facts set forth in this Memorandum are presumed to be true solely for purposes of Ortho Clinical's Motion to Dismiss.

Regional HSE in the Upper Midwest. [Dkt. No. 1-1, ¶ 8]. She alleges that she had multiple conversations about the position with other Regional HSEs, that a recruiter, Marissa Amato, informed her that she was a "strong candidate," and that she had both remote and in-person interviews with Regional Sales Managers and other Regional HSEs on January 25, February 8, and February 23, 2021. *Id*. ¶¶ 9-15. Plaintiff alleges that on February 26, 2021, she was told that she had been recommended for the Regional HSE role and that she would be provided with more specifics on March 1, 2021. *Id*. ¶ 16.

Plaintiff was in touch with Ms. Amato and two of the Regional Sales Managers with whom she had interviewed, Allison Downing and Wendy Greenberg, for an update on the status of the position on March 1, 2, 5, 8, and 9. *Id*. ¶¶ 17-19. On March 9, 2021, Plaintiff alleges that she spoke with Ms. Downing, who told her that "the new President of the Americas, Warren Stone, had put the [Regional] HSE role 'on hold' and that 'it would not be filled at that time.'" *Id*. ¶ 19. Plaintiff further alleges that later that same day, she spoke with Ms. Amato, who told her that Mr. Stone had "stopped it" and that he wanted to "revalue [*sic*] the role and review candidate resumes." *Id*. ¶ 20. Finally, Plaintiff alleges that Ortho Clinical re-posted Regional HSE positions in California on March 25, Chicago on April 28, and the Upper Midwest on May 3. *Id*. ¶ 21-23. Plaintiff does not allege that she applied for any of those new posted positions.

Plaintiff's Complaint must be dismissed because she has failed to plausibly plead a *prima facie* case or any allegations plausibly supporting that she was not hired because of her age.

## II.     ARGUMENT

### A.     Applicable Standard

Fed. R. Civ. P. 12(b)(6) mandates dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must provide the defendant with fair notice of the basis of Plaintiff's claims, and those claims must be facially

plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating the sufficiency of a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor do legal conclusions stated as factual allegations. *Iqbal*, 556 U.S. at 678. Plausibility "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

### B. Plaintiff's Age Discrimination Claim Must Be Dismissed

Plaintiff pleads her failure-to-hire age discrimination claim under the IHRA. Courts evaluate IHRA age discrimination claims under the federal framework applicable to the Age Discrimination in Employment Act ("ADEA"). *Volling v. Kurtz Paramedic Servs., Inc*., 840 F.3d 378, 383 (7th Cir. 2016); *Zaderaka v. Ill. Human Rights Comm'n*, 131 Ill. 2d 172, 178 (1989); *Ross v. Univ. of Chi*., No. 18-CV-4200, 2018 U.S. Dist. LEXIS 208030, at *8 n.2 (N.D. Ill. Dec. 10, 2018) (granting motion to dismiss).

While the Seventh Circuit has discarded the distinction between direct and indirect methods of proof in employment discrimination cases and clarified that all evidence must be evaluated as a whole (*see Lauth v. Covance, Inc.*, 863 F.3d 708, 715 (7th Cir. 2017)), it "did not change the burden shifting method under *McConnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Kawczynski v. F.E. Moran, Inc.*, 238 F.Supp.3d 1076, 1083 (N.D. Ill. Feb. 23, 2017) (dismissing ADEA claims on summary judgment). In the context of an age discrimination case such as this, Plaintiff ultimately will have to demonstrate that her age was the ***but-for*** cause for the failure to hire. *Lauth*, 863 F.3d at 715 (*citing Ripberger v. Corizon, Inc.*, 773 F.3d 871, 880 (7th Cir. 2014)). Here, Plaintiff does not meet the required minimum pleading standard in that she does

not go beyond mere conclusory statements to include specific allegations that would establish plausibility of her claim. Plaintiff both fails to adequately plead a *prima facie* case and further fails to make allegations that, even when viewed cumulatively, plausibly demonstrate that she was not hired because of her age.

First, Plaintiff fails to adequately plead a *prima facie* case. To establish a *prima facie* failure to hire claim, Plaintiff must show that: (1) she was a member of a protected class; (2) she applied for and was qualified for an open position; (3) she was rejected for the position; and (4) Ortho Clinical hired someone younger who was not better qualified than Plaintiff. *See Grigsby v. LaHood*, 628 F.3d 354, 358 (7th Cir. 2010) (reciting the elements of a *prima facie* case and explaining that the plaintiff must apply and be qualified for an open position); *see also Chatman v. Bd. of Educ. of Chi.*, No. 20-2882, 2021 U.S. App. LEXIS 21430, at *14 (7th Cir. July 20, 2021) (slip copy). [2] Here, Plaintiff fails to adequately plead three of these four elements. Plaintiff has not alleged that she was denied employment for an open position. Rather, she alleges that the new President of the Americas at Ortho Clinical, Mr. Stone, placed the position for which she applied on hold because he wanted to reevaluate the role, and that "'it would not be filled at that time.'" [Dkt. No. 1-1, ¶¶ 19, 20]. Significantly, although she claims the position was re-posted, Plaintiff does not allege that she then applied for the new open position or that Ortho Clinical rejected that application. Further, Plaintiff has not alleged that Ortho Clinical actually hired anyone either for the position for which she initially applied or for the position that was allegedly re-posted – let alone that someone younger and not better qualified filled either position. *See Hall v. CSX R.R. Transp.*, No. 11-cv-11, 2011 U.S. Dist. LEXIS 12757 at *3-4 (N.D. Ill. Feb. 8, 2011) (dismissing

---

[2] *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("there's nothing wrong with relying on summary-judgment cases at the pleading stage to explain the substantive legal standards that apply to the case.")

the plaintiff's failure to hire age discrimination claim where he failed to plead that a younger person was hired). Because Plaintiff has failed to plead that she was denied employment for an open position for which she applied or that someone younger and not better qualified was hired, she has not adequately plead three of the four elements of a *prima facie* case.

Second, Plaintiff simply fails to make allegations that would plausibly demonstrate that Ortho Clinical would have offered her the position for which she initially applied but for her age. Rather, Plaintiff leaps to the conclusion that she must have been denied employment because of her age based on nothing but her own speculation. *See Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002) (courts need not accept legal conclusions in a complaint as true). Plaintiff does not plead anything that connects Mr. Stone's decision to put the Regional HSE role on hold to her age. Indeed, Plaintiff fails to allege that Mr. Stone was even aware of her age. *See McCarthy v. Perdue*, 768 F. App'x 550, 553 (7th Cir. 2019) (noting the decision-maker's lack of knowledge of the candidate's age supported the inadequacy of the plaintiff's claim). In fact, Plaintiff specifically alleges that "Mr. Stone had never met or talked with Plaintiff." [Dkt. No. 1-1, ¶ 20]. The fact that she has not alleged that Mr. Stone, or anyone else, made any age-related comments or connected the decision to put the position on hold to her age in any manner whatsoever further demonstrates the inadequacy of her Complaint. Finally, the allegations that Ortho Clinical later re-posted the Upper Midwest Regional HSE role in May 2021 is in no way inconsistent with the explanation that Mr. Stone had decided to place the role on hold and not fill it in March 2021, months earlier. In fact, the very allegation that the position had to be re-posted supports the explanation that the position to which Plaintiff had applied was placed on hold two months earlier. Because Plaintiff has failed to support her speculative conclusion with any *indicia* of age discrimination, her Complaint does not plausibly support a claim of age discrimination and therefore fails to state a

claim upon which relief can be granted.

WHEREFORE Defendant Ortho-Clinical Diagnostics, Inc. respectfully requests that this Court dismiss the Plaintiff's Complaint and grant all other relief that it deems appropriate.

Dated: July 30, 2021

Respectfully submitted,

ORTHO-CLINICAL DIAGNOSTICS, INC.

By: /s/ *Angela R. Huisingh*
    One of its Attorneys

Todd M. Church, tchurch@littler.com
Angela R. Huisingh, ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
T: 312.372.5520
F: 312.372.7880

## CERTIFICATE OF SERVICE

I, Angela R. Huisingh, an attorney, hereby certify that, on July 30, 2021 a copy of the foregoing **Memorandum in Support of the Motion to Dismiss** was served via the court's electronic docketing system and electronic mail on the attorneys of record, including:

Kristin M. Case, kcase@caseandsedey.com
Kate Sedey, ksedey@caseandsedey.com
Case + Sedey, LLC
250 South Wacker Dr., Ste. 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Fax (312) 920-0800

/s/ *Angela R. Huisingh*
Angela R. Huisingh

4840-7057-5091.3 / 082124-1070